UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                      CASE NO. 6:98-CR-52-ORL-19JGG

WILLIAM MCCORKLE,
CHANTAL MCCORKLE,

    **Defendants.**

## ORDER

On December 29, 2005 the Court entered its Order on remand of this case from the United States Court of Appeals for the 11th Circuit and invited the parties to file objections. Doc. No. 1221. Defendant William J. McCorkle filed Objections to the Court's Resentencing Order of December 29, 2005 and Request for Reconsideration and a Lower Sentence at Docket Number 1222. Defendant Chantal McCorkle filed Objections to the Court's Order of December 29, 2005 and Supplemental Sentencing Memorandum at Docket Number 1223. The Government did not file objections on its own behalf to the Court's Order or a document in response to the objections of the Defendants.

As to the objections and argument of Mr. McCorkle contained in Docket Number 1222, the Court is mindful that it has discretion in sentencing. Contrary to Defendant William McCorkle's assertion, the Court has considered the post-sentencing rehabilitation, particularly that of both Defendants while in prison, as a basis for downward departure as well as the other factors argued by Mr. McCorkle. While the conclusion reached by the Court as to the sentence does not comport with the period of ten years in prison requested by both of Defendants, that

does not mean that the matters which Defendants requested be considered were not. The Order of the Court at Docket Number 1221 is incorporated by reference and reaffirmed except as is otherwise specifically stated in this Order.

As to the objections and argument of Mrs. McCorkle contained in Docket Number 1223, the Court has also considered the matters presented in determining the sentence and found them unpersuasive except for one. Defendant contends in her objections, as she did previously in her submission at Docket Number 1216, that it is error to apply U.S. Sentencing Guideline 3B1.1 to add four levels to the money laundering computation of the advisory guideline level. This argument further developed at pages 5 though 7 of Defendant's objections (Docket Number 1223) is sound to the extent that proof that either Defendant supervised five or more knowing participants in the money laundering crimes is lacking. Further, the "otherwise extensive" requirement of the Sentencing Guidelines applies to the crimes in Group One, the fraud crimes, and not to Group Two, the money laundering crimes, because the extensiveness of the latter is measured by the amount involved factored into the scoring under Guideline 2S1.1(b)(2). See Commentary Notes to Guideline Amendments effective November 1, 1998. After searching the record, the Court has not found, and does not recall, any evidence of five or more persons being supervised by the Defendants in their money laundering crimes who were also knowing participants in such endeavors.

Therefore, the advisory guideline range for each Defendant should have been calculated without the role enhancement for Group Two, the money laundering charges. This would result in an advisory guideline computation of Total Offense Level of 37 Criminal History Category of I (210-262 months in prison) with a fine range of $20,000 to $104,900,244.00. In all other respects the advisory guideline range, including the term of supervised release, the special

assessment, and the amount of restitution, would remain the same. This differs from from the calculation presented by Mrs. McCorkle in her objections and is determined in accordance with the attachments to this Order.[1]

A sentence within the advisory guideline range is appropriate under the facts of this case and supports the goals and policies of sentencing as set forth in the U.S. Sentencing Guidelines and the statutes. Under a guideline sentence calculation of Offense Level 37 and Criminal History Category I, the sentence of twenty years in prison discussed in the Order at Docket Number 1221 not only falls within the advisory guideline range but also falls near the mid-level of such range. While counsel for Defendants have sought to minimize in their presentations the crimes committed by their clients and the harm to their victims, the testimony and evidence placed in the record at trial paints a different picture. A sentence of ten years of imprisonment requested by Defendants would not be sufficient punishment under the facts of the case and the law. Defendants perpetrated significant crimes on many unsuspecting victims for their own gain and have shown a callous disregard for the harm they caused to others. In their presentations to the Court, Defendants have not taken full responsibility for the crimes of conviction. They have neither expressed sincere remorse for the harm they caused to their victims nor acknowledged their roles in the crimes they committed. Mrs. McCorkle in particular has continued to portray herself as a dutiful wife who simply followed her husband's direction, instead of admitting her central, managerial role.[2]  Thus, a sentence of twenty years in prison discussed in the Order at Doc. No. 1221 would be appropriate.

---

[1] Mr. McCorkle and Mrs. McCorkle each adopted the arguments made by the other to the Court.

[2] The jury also rejected this portrayal of Chantal McCorkle as contrary to the evidence.

However, in view of the admonition contained in 18 U.S.C. Section 3553(a) that the sentence imposed should be sufficient, but not greater than necessary, to comply with goals of such statute, in the hope that Defendants will become law abiding citizens, and in an abundance of caution because Defendants have presented stellar records while in prison and have no prior criminal records, a sentence at the low end of the recalculated advisory guideline range does not do violence to any sentencing principle. Respect for the law will be promoted, the public will be protected, and adequate deterrence to criminal conduct will be afforded by such sentence. Thus, the Court will impose a sentence of 216 months in prison on each Defendant, a reduction in the sentence specified in the Order at Docket Number 1221.

This sentence for each Defendant will be computed as follows:

The Presentence Report calculations, as amended by Exhibit 1 and Exhibit 2 attached, are incorporated by reference.[3]

1. As to William J. McCorkle, Defendant shall be committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 216 months, which term consists of terms of 60 months on each of Counts One, Two through Seven, Ten, Twelve through Fifteen, Eighty-Five, Eighty-Seven, and Eighty-Nine; terms of 120 months on each of Counts Forty-Eight through Fifty-Four, Fifty-Six through Sixty-Five, Sixty-Seven through Eighty-Four, Eighty-Six, and Eighty-Eight; and terms of 216 months on each of Courts Seventeen, Eighteen, Nineteen through Twenty-five, Twenty-Seven through Thirty-Six, and Thirty-Eight through Forty-Seven; all such terms to run concurrently.

2. As to Chantal McCorkle, Defendant shall be committed to the custody of the U.S.

---

[3] Exhibit 1 and Exhibit 2 reflect removal of the role enhancement for Group Two - Money Laundering in the Presentence Report for each Defendant.

Bureau of Prisons to be imprisoned for a term of 216 months, which term consists of terms of 60 months on each of Counts One, Eighty-Seven, Eighty-Nine, and Ninety; terms of 120 months on each of Counts Forty-Eight through Fifty-Four, Fifty-Six through Sixty-Five, Sixty-Seven through Eighty-Three, Eighty-Six, and Eighty-Eight; and terms of 216 months on each of Counts Seventeen, Eighteen through Twenty-Five, Twenty-Seven through Thirty-Six, and Thirty-Eight through Forty-Seven; all such terms to run concurrent.

In all other respects the sentencing judgment as amended as to each Defendant will remain in full force and effect. A separate sentencing Order will be entered for each Defendant.

Since the Court has recalculated the advisory guideline range that applies to each Defendant, the Government and the Defendants should be afforded the opportunity to file objections to the calculations. The parties are advised that this sentence is at the lowest level of what the Court feels is appropriate for the Defendants taking into consideration the factors contained in 18 U.S.C Section 3553(a), the sentencing guidelines, the policy statements of the U.S. Sentencing Commission and Congress, and all the matters presented to the Court over the long course of these proceedings. The objections of counsel previously asserted orally and in writing after the most recent remand of this case are incorporated by reference and do not have to be reasserted to be preserved for appeal. Any objection to this Order should be directed to the computation of the advisory guideline range as stated herein and should be filed within ten (10) days from the date of this Order.

**DONE AND ORDERED** at Orlando, Florida, this ___14th___ day of March, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
United States Pretrial Services
Defendant

<u>Group One - Counts One through Seven, Ten, Twelve through Fifteen, Eighty-Four through Eighty-Nine</u>

62. Base Offense Level: Conspiracies are covered by USSG §2X1.1. The base offense level is that from the guideline for the substantive offense. Frauds are covered by USSG §2F1.1. The base offense level is 6. USSG §2F1.1(a).                                             6

63. Specific Offense Characteristics: Because the intended loss was more than $20,000,000 but not more than $40,000,000, 16 levels are added.   USSG §2F1.1(b)(1)(Q).                                                                                                                  +16

64. Specific Offense Characteristics: Because the offense involved more than minimal planning and a scheme to defraud more than one victim, 2 levels are added. USSG §2F1.1(b)(2)(A) and (B).                                                                                           +2

65. Victim Related Adjustment: None.                                                                                                                                        0

66. Adjustment for Role in the Offense: Because the defendant was an organizer or leader of a criminal activity that involved more than five participants, 4 levels are added. USSG §3B1.1(a).                                                                                                 +4

67. Adjustment for Obstruction of Justice: Because the defendant willfully obstructed or attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense by providing materially false information to a Magistrate Judge and by concealing evidence that was material to an official investigation. Two levels are added. USSG §3C1.1.                                                                                                         +2

68. Adjusted Offense Level:            (Subtotal)                                                       30


<u>Group Two - Counts Seventeen through Twenty-Five, Twenty-Seven through Thirty-Six, Thirty-Eight through Fifty-Four, Fifty-Six through Sixty-Five,  Sixty-Seven through Eighty-Three</u>

69. Base Offense Level: Conspiracies are covered by USSG §2X1.1. The base offense level is that from the guideline for the substantive offense. Violations of 18 U.S.C. § 1956(a)(1)(A) are covered by USSG §2S1.1(a)(1). The base offense level is 23.     23

70. Specific Offense Characteristics: The value of the funds laundered was just under $40,000,000. Because this is more than $35,000,000 but not more than $60,000,000, 11 levels are added. USSG §2S1.1(b)(2)(L).                                                           +11

71. Victim Related Adjustment: None.                                                                                                                                        0

72. Adjustment for Role in the Offense: None.                                                                                                                      0

73. Adjustment for Obstruction of Justice: Because the defendant willfully obstructed or attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense by providing materially false information to a Magistrate Judge and by concealing evidence that was material to an official investigation. Two levels are added. USSG §3C1.1.                                                                                                         +2

74.  Adjusted Offense Level:        (Subtotal)                                               36

Multiple Count Adjustment  (See USSG §3D1.4)

                                                                                          Units
75.  Group One - Counts One through Seven, Ten, Twelve through Fifteen, Eighty-Four through Eighty-Nine
       Adjusted Offense Level  ................ 30                          ½

76.  Group Two - Counts Seventeen through Twenty-Five, Twenty-Seven through Thirty-Six, Thirty-Eight through Fifty-Four, Fifty-Six through Sixty-Five, Sixty-Seven through Eighty-Three
       Adjusted Offense Level  .................... 36                         <u>1</u>

77.  Total Number of Units       ................... 1-½

78.  Greater of the Adjusted Offense
       Levels Above                  ................ 36

79.  Increase in Offense Level (USSG §3D1.4) ....... 1

80.  Combined Adjusted Offense Level: ................. 37                        37

81.  Adjustment for Acceptance of Responsibility: The defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for the offense. USSG §3E1.1.                                                                                                <u>0</u>

82.  **Total Offense Level**                                                                  **37**

Based upon a total offense level of 37 and a criminal history category of I, **the guideline imprisonment range is 210 - 262 months** (17 years, 6 months - 21 years, 10 months).

EXHIBIT 2 - CHANTAL MCCORKLE

<u>Group One - Counts One, Eighty-Six through Eighty-Nine and Ninety</u>

66. Base Offense Level: Conspiracies are covered by USSG §2X1.1. The base offense level is that from the guideline for the substantive offense. Frauds are covered by USSG §2F1.1. The base offense level is 6. USSG §2F1.1(a)     6

67. Specific Offense Characteristics: Because the intended loss was more than $20,000,000 but not more than $40,000,000, 16 levels are added. USSG §2F1.1(b)(1)(Q).     +16

68. Specific Offense Characteristics: Because the offense involved more than minimal planning and a scheme to defraud more than one victim, 2 levels are added. USSG §2F1.1(b)(2)(A) and (B).     +2

69. Victim Related Adjustment: None.     0

70. Adjustment for Role in the Offense: Because the defendant was an organizer or leader of a criminal activity that involved more than five participants, 4 levels are added. USSG §3B1.1(a).     +4

71. Adjustment for Obstruction of Justice: Because the defendant willfully obstructed or attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense by providing materially false information to a Magistrate Judge, 2 levels are added. USSG §3C1.1.     +2

72. Adjusted Offense Level:          (Subtotal)     30


<u>Group Two - Counts Seventeen through Twenty-Five, Twenty-Seven through Thirty-Six, Thirty-Eight through Fifty-Four, Fifty-Six through Sixty-Five, Sixty-Seven through Eighty-Three and Ninety</u>

73. Base Offense Level: Conspiracies are covered by USSG §2X1.1. The base offense level is that from the guideline for the substantive offense. Violations of 18 U.S.C. § 1956(a)(1)(A) are covered by USSG §2S1.1(a)(1). The base offense level is 23.     23

74. Specific Offense Characteristics: The value of the funds laundered was just under $40,000,000. Because this is more than $35,000,000 but not more than $60,000,000, 11 levels are added. USSG §2S1.1(b)(2)(L).     +11

75. Victim Related Adjustment: None.     0

76. Adjustment for Role in the Offense: None.

77. Adjustment for Obstruction of Justice: Because the defendant willfully obstructed or attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense by providing materially false information to a Magistrate Judge, 2 levels are added. USSG §3C1.1.     +2

78. Adjusted Offense Level:          (Subtotal)     36

**Multiple Count Adjustment** (See USSG §3D1.4)

|  | Units |
|---|---|

79. Group One - Counts One, Eighty-Six through Eighty-Nine and Ninety
   Adjusted Offense Level ................ 30          ½

80. Group Two - Counts Seventeen through Twenty-Five, Twenty-Seven through Thirty-Six, Thirty-Eight through Fifty-Four, Fifty-Six through Sixty-Five, Sixty-Seven through Eighty-Three and Ninety
   Adjusted Offense Level .................... 36        <u>1</u>

81. Total Number of Units  .................... 1-½

82. Greater of the Adjusted Offense
    Levels Above          ................ 36

83. Increase in Offense Level (USSG §3D1.4) ....... 1

84. Combined Adjusted Offense Level: .................. 37         37

85. Adjustment for Acceptance of Responsibility: The defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for the offense. USSG §3E1.1.
                                                                                 <u>0</u>

86. **Total Offense Level**                                                       **37**

Based upon a total offense level of 37 and a criminal history category of I, **the guideline imprisonment range is 210 - 262 months** (17 years, 6 months - 21 years, 10 months).